855 So.2d 950 (2003)
Ricky Dale MARTIN in the Interest of K.M., Plaintiff-Appellee,
v.
Cynthia Anderson Martin HARRISON, Defendant-Appellant.
No. 37,891-JAC.
Court of Appeals of Louisiana, Second Circuit.
September 26, 2003.
Cynthia Anderson Martin Harrison, for Appellant in Proper Person.
Gary A. Bowers, for Appellee, Ricky Dale Martin.
John W. Wilson, Shreveport, for Appellee, K.M.
Before WILLIAMS, STEWART and MOORE, JJ.
WILLIAMS, Judge.
In this juvenile court proceeding, the defendant, Cynthia Martin Harrison, appeals a judgment denying her exception of lack of subject matter jurisdiction and granting the plaintiff, Ricky D. Martin, sole legal custody of the minor child, K. M., subject to supervised visitation by defendant each Saturday. For the following reasons, we reverse and remand to the district court for further proceedings.

FACTS
Ricky Martin ("Martin") and Cynthia Martin Harrison were married in October 1983. Two children were born of the marriage, *951 including K. M., the six-year-old minor child who is the subject of these proceedings. In May 2000, Martin filed for divorce requesting custody and child support. The parties were granted a divorce and Martin was named the custodial parent of the children subject to visitation by the mother. Subsequently, Cynthia Harrison married Douglas Jeffrey Harrison ("Harrison") and they established a residence in Texas.
In November 2001, Martin began to suspect that his daughter was being abused because of the child's comments and behavior following visitation with the mother. In February and March 2002, the child was interviewed by Suzanne Craig, a counselor at the YWCA and by Wendy Westerman of the Gingerbread House Children's Advocacy Center.
Subsequently, the plaintiff, Ricky Martin, filed a petition in Caddo District Court to modify custody and for relief under LSA-R.S. 46:2131, the Domestic Abuse Assistance Act. Martin, who was represented by counsel, alleged that the minor child had been sexually abused by Harrison during visitation with defendant, Cynthia Harrison, with her knowledge. After a hearing, the trial court issued a protective order limiting the location of defendant's visitation with the child to Caddo Parish and prohibiting Harrison's presence during the child's visit.
In May 2002, Martin filed a rule for contempt of the protective order and to stay or restrict visitation. Martin alleged that the minor child had been in the presence of Harrison during defendant's visitation in May 2002 and that Harrison had taken pornographic photographs of the child. The defendant's visitation was temporarily terminated and the matter was set for a hearing. After an extensive pre-trial conference on July 31, 2002, the district court issued an interim order reinstating defendant's visitation under the prior restrictions, ordering the parties to submit to an evaluation by a mental health professional, and scheduling a trial date.
The following day, August 1, 2002, Martin filed in proper person a petition in Caddo Juvenile Court seeking a protective order to stop the alleged sexual abuse of his then five-year-old daughter by Harrison. The juvenile court assumed exclusive jurisdiction of this case as a child in need of care proceeding and issued a temporary restraining order prohibiting visitation by defendant. On August 2, 2002, the juvenile court entered an amended order resetting the show cause hearing date. The defendant filed an exception, alleging that the juvenile court lacked subject matter jurisdiction of the action based on the pending domestic abuse proceeding brought in the district court pursuant to LSA-R.S. 46:2131.
At the August 14, 2002 hearing on the exception, the juvenile court heard argument and stated that although taking exclusive jurisdiction was unusual in this context, the substance of the claim, which alleged abuse of the child and that the child needed protection, fit within the parameters of a child in need of care case. Additionally, the court pointed out that it was not exercising jurisdiction under Title XV, but under LSA-Ch.C. art. 303(2), a child in need of care proceeding pursuant to Title VI. The court denied the defendant's exception to jurisdiction and appointed attorney John Wilson to represent the minor child.
On September 24, 2002, the adjudication hearing commenced and was continued because the juvenile court had granted attorney Spears' motion to withdraw as counsel for defendant. The court appointed attorney Allen Haynes to represent the defendant. In October 2002, defendant stipulated that the child, K. M., was a child in *952 need of care without admitting the allegations of the petition.
At the disposition hearing, the court heard testimony from Suzanne Craig, a sexual assault counselor, who reported the child's statements to her of sexual touching and oral contact by Harrison. Craig also testified that the child described being photographed in sexual poses while the mother was present in the room. Craig opined that unless defendant's visitation was supervised, there would be no controls to protect the child.
The court also admitted into evidence two videotaped interviews of the child conducted at Gingerbread House in Shreveport. The child stated that Harrison had removed her clothing, touched her sexually and took photographs of her undressed on the bed in a hotel room while defendant was present. The child said Harrison told her "Don't tell or I'll kill you."
The trial court found that the defendant's tacit involvement in Harrison's improper behavior with the child and her efforts to influence the child to recant the allegations despite her knowledge of Harrison's activities required that the defendant's visitation be supervised until the court was convinced that she had been rehabilitated and would place her child's safety before the pedophile desires of her husband.
The judgment of disposition ordered that the child remain in the sole legal custody of the father and that the defendant shall be entitled to supervised visitation with the child from 1 p.m. to 5 p.m. every Saturday. The judgment further ordered defendant to obtain mental health counseling to educate her on the issues of sexual abuse of children and how to protect her child from sexual predators. Defendant appeals the judgment.

DISCUSSION
The defendant contends the juvenile court erred in assuming exclusive jurisdiction of this case. Defendant argues that the juvenile court lacked jurisdiction because a proceeding to modify custody under the Domestic Abuse Assistance Act was pending in district court.
Any parent may seek relief on behalf of any minor child by filing a petition with the district court alleging abuse by the defendant. LSA-R.S. 46:2133. The petition shall state the name of the petitioner and each person on whose behalf the petition is filed, the circumstances concerning the alleged abuse and a request for a protective order. LSA-R.S. 46:2134.
Title XV of the Children's Code creates a parallel procedure for seeking a protective order from abuse in juvenile court. LSA-Ch.C. art. 1564 et seq. LSA-Ch.C. art. 303(9) provides for exclusive original jurisdiction of the juvenile court for any special proceeding authorized by Title XV, except domestic abuse prevention proceedings filed in a district court pursuant to R.S. 46:2131 et seq.
In the present case, when Martin became aware of the possible sexual abuse of his daughter, the remedy of a protective order was available under the parallel domestic abuse assistance provisions of LSA-R.S. 46:2131 and Ch.C. art. 1564. Martin and his counsel chose to file a petition in district court for relief on behalf of the minor child pursuant to Section 2131. Martin sought a protective order granting him custody of the child and suspending the defendant's visitation rights. After a trial, the court issued a protective order requiring that defendant's visitation occur in Caddo Parish outside of the presence of Harrison.
Approximately one month later, Martin filed a rule for contempt of the protective order and to stay visitation alleging that *953 defendant had allowed Harrison to be present during her visitation and to take nude photographs of the child in sexually suggestive poses. The district court temporarily suspended defendant's visitation until a hearing on the matter. After a pre-trial conference, the district court reinstated the defendant's visitation subject to the previously imposed restrictions and scheduled a trial date.
Apparently dissatisfied with the district court's decision, Martin filed a petition in proper person the next day in juvenile court seeking protection from abuse pursuant to Ch.C. art. 1564. Although the juvenile court would ordinarily have exclusive jurisdiction over such a petition, Ch.C. art. 303(9) expressly provides an exception to this jurisdiction when domestic abuse protection proceedings have been filed in district court, as was done in this case by Martin. The defendant filed an exception of lack of subject matter jurisdiction based on Article 303(9).
At the hearing on the exception, the juvenile court judge stated that Article 303(9) did not apply, because he was assuming jurisdiction of the case under Ch.C. art. 303(2), child in need of care, and not Title XV. However, the issue before the juvenile court was not whether the court has jurisdiction of child in need of care cases, but whether the court could exercise jurisdiction over Martin's Title XV petition when Martin had previously filed domestic abuse assistance proceedings based on the same allegations in district court pursuant to R.S. 46:2131.
Pursuant to the express language of Article 303(9), the juvenile court was precluded from exercising jurisdiction over the case under these circumstances. A reasonable interpretation of the purpose of Article 303(9) is to prevent the very situation which occurred in this case, that is, a litigant who is dissatisfied with a ruling in district court will turn to the juvenile court in an effort to obtain a more favorable outcome. This act or procedure, generally referred to as "forum shopping," is viewed unfavorably by this court.
The failure to apply the exception of Article 303(9) would render the statutory provision meaningless, and such a result could not have been intended by the legislature. While we may understand the desire to seek an alternate method to protect the child if unsatisfied with the trial court's decision, the preferable course would have been for Martin's counsel to file a writ application in this court seeking review of the district court's interim order.
Considering the applicable statutory provisions, we conclude that the juvenile court erred in denying the exception of lack of subject matter jurisdiction and the judgment shall be reversed. Consequently, the adjudication of K.M. as a child in need of care and all other actions of the juvenile court in this matter are null and are hereby set aside.

CONCLUSION
For the foregoing reasons, the juvenile court judgment denying the exception of lack of subject matter jurisdiction is reversed and the exception is sustained. The juvenile court proceeding is hereby dismissed and all orders by that court are vacated. This case is remanded to the district court for further proceedings. Costs of this appeal are assessed to the appellee, Ricky Dale Martin.
REVERSED; JUVENILE COURT ORDERS AND DISPOSITION VACATED; REMANDED TO THE DISTRICT COURT.