862 So.2d 1081 (2003)
Ricky Dale MARTIN, Plaintiff-Appellant,
v.
Cynthia Anderson MARTIN (Harrison), Defendant-Appellee.
No. 37,958-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
Rehearing Denied January 22, 2004.
*1082 Gary A. Bowers, for Appellant.
Cynthia Anderson Martin (Harrison), In Proper Person.
Before DREW, MOORE and LOLLEY, JJ.
LOLLEY, J.
Cynthia Anderson Martin (Harrison) ("Harrison") appeals a judgment of the First Judicial District, Caddo Parish, Louisiana, in favor of her previous husband, Ricky Dale Martin ("Martin"). For the following reasons, we affirm.

FACTS
The underlying facts of this case have previously been recited in Martin v. Harrison, 37,891 (La.App.2d Cir.09/26/03), 855 So.2d 950 ("Martin I") and will not be repeated herein, except to note that during Martin's and Harrison's marriage, they had two children, a son and daughter.[1]
During the course of the proceedings in the Caddo Parish Juvenile Court ("juvenile court") which were the subject of Martin I, Martin filed a petition to accrue past due child support. The juvenile court dismissed Martin's petition, without prejudice, and relinquished jurisdiction to the First Judicial District Court for Caddo Parish ("district court") to address the child support arrearage. Martin then filed a petition in district court seeking to accrue past due child support he claimed to be in excess of $4,000 as well as one-half of various medical expenses incurred on behalf of the children. Previously, the district court, in its Judgment on Rules dated March 23, 2001, had ordered Harrison pay Martin $475.42 per month in child support as well as "any all [sic] costs for medical, dental, orthodontic, and prescriptive drug expenses that are not covered by insurance to be borne equally between the parties."
The district court rendered judgment in favor of Martin, ordering Harrison pay accrued past due child support in the amount of $4,067.89 and one-half of unpaid medical expenses incurred on behalf of the children in the amount of $882.91, assessing attorney's fees against Harrison in the amount of $500, and finding her to be in contempt of court, for which she received a suspended 45-day jail sentence, except for 24 hours. Additionally, her driver's licence was suspended. This appeal by Harrison ensued.

DISCUSSION
Harrison appears in this appeal in proper person. She has not listed any assignments of error, nor does she clearly articulate *1083 any issues to be in error. However, Harrison appears to argue four issues: (1) the district court did not have jurisdiction over the child support issue in light of the pending juvenile court proceedings; (2) the district court erred in finding her in contempt; (3) the district court erred in ordering her to pay certain medical bills; and (4) the district court erred in suspending her driver's license.

Jurisdiction of the district court
Harrison argues that the district court did not have subject matter jurisdiction over this matter in light of the pending juvenile court proceedings.[2] Primarily, this argument by Harrison is made moot by our holding in Martin I. For the reasons stated therein, the actions of the juvenile court were declared null and set aside. The entire juvenile court proceeding was dismissed, the orders vacated, and the case remanded to the district court for further proceedings. Thus, there is no juvenile court proceeding which would have subject matter jurisdiction over this issue between Martin and Harrison.
Moreover, contrary to Harrison's assertions, the district court had subject matter jurisdiction over this issue. Martin's claim for accrued arrearages of child support stemmed from the district court's Judgment on Rules dated March 23, 2001; thus, the district court would obviously retain its exclusive jurisdiction over a matter pertaining to its own judgment. Incidentally, Harrison availed herself to the jurisdiction of the district court by filing her own claims after Martin's filings were made.

Contempt
Harrison also argues that she was not in contempt of court in failing to pay her child support, because her medical condition caused her to be unemployed; thus, she did not willfully fail to pay the court ordered child support.
Clearly, Louisiana law specifically provides that disobedience of a court order for the payment of child support is an express ground for which a court can hold a delinquent party in contempt of court. Fink v. Bryant, XXXX-XXXX (La.11/28/01), 801 So.2d 346, citing La. R.S. 13:4611, which specifically states, in pertinent part, as follows:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts, and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:

* * * *
(d) For any other contempt of court, including disobeying an order for the payment of child support or spousal support or an order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.
A proceeding for contempt in refusing to obey the trial court's orders is not designed for the benefit of the litigant, though infliction of a punishment may inure to the benefit of the mover in the rule. The object of the proceeding is to vindicate the dignity of the court. Mizell v. Mizell, 37,004 (La.App.2d Cir.03/07/03), 839 So.2d 1222.
The trial court is vested with great discretion in determining whether a party *1084 should be held in contempt for disobeying the court's order, and its decision will only be reversed when the appellate court can discern an abuse of that discretion. Mizell, supra, citations omitted.
In support of her argument that her medical condition made her unable to secure employment, Harrison offered into evidence a Medical Expenses Report from her pharmacy regarding the multitude of medications she takes, allegedly for her medical conditions. Harrison also filed with the district court a letter from a physician delineating her various medical conditions. Finally, she testified that her health problems prevented her from securing employment.
However, the evidence at trial refutes Harrison's claims that she was not willful in failing to make her child support payments, leading to the district court's reasonable conclusion that she was in contempt.[3] First, Harrison testified that part of the reason she stopped making child support payments to Martin is that she was not allowed unsupervised visitation with her child. Further, she explained that prior to the juvenile court's order for supervised visitation, her husband had loaned her money to meet her child support obligation. Once the juvenile court ordered supervised visitation only, Harrison's husband stopped loaning her the funds to make her child support payments. Second, although Harrison claimed to be looking for employment and claimed to have proof of such a job-search, she was unable to provide the court any evidence of her efforts. Finally, she admitted to traveling extensively with her husband, easily leading to a reasonable conclusion that obtaining employment and keeping same might not have been a paramount concern to Harrison. So considering, it was not an abuse of the trial court's discretion to find Harrison in contempt of court for failing to make her child support payments as previously ordered.

Medical payments
Harrison also argues that the trial court erred in ordering her to pay one-half of the children's medical bills (amounting to $882.91) that were not covered by health insurance. Harrison maintains that Martin failed to provide proof that the medical expenses for which he sought reimbursement had indeed been submitted to his health insurance and actually denied.
At the trial, Martin testified that he was seeking reimbursement for eight different medical expenses, one-half of which totaled $882.91.[4] Martin stated that the medical expenses represented the balance of bills which either exceeded his health insurance coverage or were not covered by his health insurance. Although Harrison argues that Martin offered no proof that the medical expenses had not been covered by insurance, clearly the trial court, assessing the credibility of both parties, believed the testimony of Martin and ordered Harrison to pay one-half of the claimed medical expenses. Such a determination lies within the discretion of the trial court. See Holdsworth v. Holdsworth, 621 So.2d 71 (La.App. 2d Cir.1993). This holding was not in error.

Suspension of driver's license
Finally, Harrison argues that the district court erred in suspending her driver's *1085 license and did so only due to the continuous argument of Martin's counsel. The record does reflect that initially the district court had denied the request to suspend Harrison's driver's license. However, after argument by Martin's counsel regarding the issue, the district court reneged on its initial determination and suspended Harrison's driver's license. Such a finding was not in error.
La. R.S. 9:315.32 states, in pertinent part, as follows:
A. (1)(a) In or ancillary to any action to make past-due child support executory, for contempt of court for failure to comply with an order of support, or a criminal neglect of family proceeding, the court on its own motion or upon motion of an obligee or the department shall, unless the court determines good cause exists, issue an order of suspension of a license or licenses of any obligor who is not in compliance with an order of child support.... (Emphasis added).[5]
Notably, the statute mandates that the suspension "shall" be ordered unless good cause exists for not making the suspension. After hearing argument advanced on the issue of the suspension of Harrison's driver's license, the district court concluded that suspension of Harrison's license was warranted. The district court noted the Louisiana legislative intent to penalize those parties who are in noncompliance with child support orders by suspending licenses. Furthermore, the district court acknowledged that such a suspension serves as an impetus to those not in compliance to become current in their support. Other than Harrison's objection that she would not be able to get to court, to her doctor, and to the pharmacy to purchase her medication, there was no "good cause" articulated that would prevent the statutorily mandated suspension. Notably, Harrison did not argue at the hearing that such a suspension would prevent her from working, an argument that the district court itself considered. Furthermore, as reflected by the record, we do not consider Martin's counsel's behavior in arguing the issue on behalf of his client as inappropriateMartin's counsel was performing his job by simply acting as a zealous advocate on behalf of his client. The suspension of Harrison's driver's license was not in error.

CONCLUSION
For the foregoing reasons, the judgment in favor of Ricky Dale Martin and against Cynthia Anderson Martin Harrison is hereby affirmed with costs of this appeal being assessed to Harrison.
AFFIRMED.

APPLICATION FOR REHEARING
Before WILLIAMS, CARAWAY, DREW, MOORE, and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Their son was emancipated by Act of Emancipation by Notarial Act dated April 16, 2003.
[2] Interestingly, in Martin I, Harrison argued that the juvenile court did not have subject matter jurisdiction over the sexual abuse charges involving Martin's and Harrison's daughter, and in that case, jurisdiction lay with the district court. Ultimately, we agreed.
[3] The district court, noting that it could imprison Harrison for three months, sentenced her to a forty-five day prison term, all of which was suspended except for twenty-four hours.
[4] As explained by Martin, some of the medical expenses were those incurred in connection with the claims of sexual abuse committed against their daughter.
[5] Pursuant to La. R.S. 9:315.31(6) "`[l]icense' means any license, certification, registration, permit, approval, or other similar document evidencing admission to or granting authority for any of the following: ... (b) to operate a motor vehicle."