787 So.2d 1226 (2001)
Tina Demarest ALLEN
v.
Gary David ALLEN.
No. 01-0213.
Court of Appeal of Louisiana, Third Circuit.
June 6, 2001.
Winfred Thomas Barrett III, Attorney at Law, Lake Charles, LA, Counsel for Plaintiff/Appellee Tina Demarest Allen.
John Green, Attorney at Law, Lake Charles, LA, Counsel for Defendant/Appellant Gary David Allen.
Court composed of OSWALD A. DECUIR, MARC T. AMY, and GLENN B. GREMILLION, Judges.
DECUIR, Judge.
Gary David Allen appeals the dismissal of his suit to partition community property *1227 after his divorce from Tina Demarest Allen. For the following reasons, we affirm the judgment of the trial court.
The parties were married on May 6, 1995. In 1997, they entered into a separate property regime and partitioned their community property in a judicially approved matrimonial agreement. The following year, the parties separated and were divorced on October 13, 1998. Mr. Allen then filed a petition to partition the community property. Referencing the 1997 partition, the trial judge granted Ms. Allen's exception of res judicata, finding that Mr. Allen was precluded from relitigating that which had been previously agreed upon by the parties and judicially approved in accordance with La.Civ.Code art. 2329, upon a finding that the agreement was in the best interest of the parties.
Two days after the judgment was rendered on the exception of res judicata, the trial judge granted Mr. Allen permission to file a supplemental and amended petition. In his amended petition, Mr. Allen alleged lesion in the 1997 community property partition and urged the court to declare the matrimonial agreement a nullity. Ms. Allen filed exceptions of no cause of action, no right of action, res judicata, and prescription. Finding that the previous res judicata judgment had not been appealed and had terminated the case with regard to further action on the 1999 petition for community property partition, the trial court maintained Ms. Allen's exception of no cause of action and dismissed the suit, with prejudice.
In this appeal, Mr. Allen contends the trial court erred failing to determine whether his amended pleading cured the defects raised in the peremptory exception of res judicata.
The trial judge herein did not fail to address the merits of Ms. Allen's exceptions. Rather, he maintained the exception of no cause of action because the suit had previously been declared barred by the principles of res judicata and the amended petition did not cure the res judicata effect. Mr. Allen's amended petition alleging lesion did not provide the court with any basis to revisit the merits of the judicially approved partition.
In Thibodeaux v. Thibodeaux, 511 So.2d 102 (La.App. 3 Cir.1987), this court held that a wife could not assert lesion as a ground to rescind a community property partition confected under the provisions of La.Civ.Code art. 2329 because the partition has acquired the authority of a thing adjudged. It was, in effect, a consent judgment, determinative of the rights of the parties. The wife's only remedy was to timely appeal or seek to annul the judgment of partition. Similarly, in cases arising from partitions pursuant to consent judgments after divorce, the complaining parties "have their remedy by appeal of the judgment of partition or by suit to annul that judgment" on some basis other than lesion. Zeringue v. Zeringue, 442 So.2d 1211, 1213 (La.App. 5 Cir.1983), writ denied, 445 So.2d 1229 (La.1984). See also Junca v. Junca, 98-1723 (La.App. 1 Cir. 12/28/99), 747 So.2d 767, writ denied, 00-1120 (La.6/2/00), 763 So.2d 601.
Louisiana law also allows a former spouse to supplement a community property partition if certain property has been left out of the partition and is, therefore, still held in indivision as community property after divorce. See Corley v. Baden, 00-1407 (La.App. 3 Cir. 2/28/01), 781 So.2d 768; Moreau v. Moreau, 457 So.2d 1285 (La.App. 3 Cir.1984). In the instant case, however, Mr. Allen does not allege that any community property presently exists that was not disposed of in the 1997 partition.
*1228 The merits of a judicially approved community property partition can be addressed on direct appeal, in a nullity action not premised on a claim of lesion, and in a supplemental partition of community property not included in the original partition. This case is none of the above. Accordingly, the trial judge correctly found that Mr. Allen's amended petition failed to state a cause of action. It was properly dismissed with prejudice.
AFFIRMED.