STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-346

KENNETH PAUL DAIGLE

VERSUS

KIMBERLY CRITTENDEN DAIGLE

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 99252-G
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Glenn B. Gremillion, Judges.

AFFIRMED IN PART
AND RENDERED.

Charles G. Fitzgerald
Ronald D. Cox
D.S. "Terry" Fitzgerald, Jr.
Cox Fitzgerald, L.L.C.
113 West Convent Street
Lafayette, LA 70501
(337) 233-9743
Counsel for Plaintiff/Appellant:
    Kenneth Paul Daigle

**Helen Popich Harris**
**321 W. Main St., Suite 2-D**
**Lafayette, LA 70501**
**(337) 291-6092**
**Counsel for Defendant/Appellee:**
        **Kimberly Crittenden Daigle**

GREMILLION, Judge.

The plaintiff, Kenneth Paul Daigle (Daigle), appeals the judgment in favor of the defendant, Kimberly Crittenden Daigle (Crittenden). For the following reasons, we affirm in part and render.

**FACTUAL AND PROCEDURAL BACKGROUND**

Daigle and Crittenden were married in 1994, and are the parents of one minor child. On October 22, 2002, they jointly filed a "Petition for Approval of Matrimonial Regime of Separation of Property," which was approved, and a judgment was rendered that same day.

In March 2005, Crittenden filed for divorce in a separate proceeding. In that petition, she sought to enforce the "Partition of Community Property Agreement" confected at the same time as the October 2002 separation of property matrimonial regime. In April 2005, Daigle filed a "Petition to Annul Partition of Community Property Agreement" grounded on lesion beyond moiety. In May 2005, Crittenden filed peremptory exceptions of res judicata, no cause of action, no right of action, and prescription. A hearing was held in June 2005, at which the trial court found that the partition agreement was part of the matrimonial agreement and granted Crittenden's exceptions of res judicata, no cause of action, and prescription. The trial court dismissed Daigle's petition to annul.

Daigle filed a Motion for New Trial in August 2005, pertaining to the October 2002 hearing, which was denied. Daigle then filed another Motion for New Trial in September 2005, pertaining to the June 17, 2005 hearing, urging that he be allowed to amend his petition to annul, which was also denied. He then filed a Notice

1

of Intention to Seek Supervisory Writs to this court pertaining to the December 2005 judgment denying his second Motion for New Trial. Daigle now appeals and assigns as error:

1. The trial court's failure to find the matrimonial agreement invalid due to statutory deficiencies in that it does not satisfy the statutory requirements of La.Civ.Code art. 2329.

2. The trial court erred in not finding the partition agreement invalid due to statutory deficiencies in that the partition agreement does not meet the statutory requirements of La.Civ.Code art. 2329.

3. The trial court erred in failing to find the partition agreement void as against public policy because the agreement unconditionally obligates Daigle to pay Crittenden final periodic spousal support regardless of fault, need, or ability to pay.

4. Alternatively, the trial court erred in finding that the partition agreement was not assailable for lesion and thereby granting Crittenden's peremptory exceptions of res judicata, no cause of action, and prescription.

Crittenden thereafter filed a motion to strike, or alternatively, to consolidate and supplement, urging that Daigle's four assignments of error are new issues that were not asserted in the trial court. We agree that Daigle's first two assignments of error are not properly before this court pursuant to Uniform Rules, Court of Appeal, Rule 1-3. Accordingly, they will not be addressed. We will treat assignment of error number four as an appeal from the trial court's grant of Crittenden's exception of res judicata, no cause of action, and prescription.

## DISCUSSION

Daigle argues that the Partition Agreement was extrajudicial and, therefore, subject to recision on account of lesion pursuant to La.Civ.Code art. 814. However, the "Contract for Separation of Property Regime," approved by the trial

2

court, specifically states:

> 2. Appearers ratify and confirm the Partition of Community Property executed of even date herewith; the property that was transferred to Appearer, KENNETH PAUL DAIGLE, shall hereafter be his separate and paraphernal property under his separate administration and control and the property that was transferred to Appearer, KIMBERLY CRITTENDEN DAIGLE, shall hereafter be her separate and paraphernal property under her separate administration and control.

> 3. Appearers recognize and acknowledge that each of them is the owner of separate property, including, but not limited to, the property listed in the Partition of Community Property[.]

Testimony was presented at the hearing on the motions. Warren Rush, a practicing attorney for more than forty years, testified that he prepared the lengthy documents partitioning the community property along with the separation of property contract. He stated that he appeared before the trial court in chambers on October 22, 2002. Rush said that Daigle was present with his attorney. He testified that Judge Conery reviewed all of the documents and asked the parties if they agreed to the documents.

Daigle, who was apparently a very successful stockbroker with Merrill Lynch, testified that he did not review the partition agreement before he signed it. He stated that Judge Conery did not ask him any questions and that he just signed the documents relying on his wife to do the right thing.

The trial court provided extensive written reasons for judgment finding that res judicata applied to these facts because the parties were identical in both suits, the prior judgment was rendered by a court of competent jurisdiction, there was a final judgment on the merits, and the same claim or cause of action was involved in both cases. *See Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So.2d 1049. As

3

to the partition of community property, the trial court stated in the instant case:

> The Community Partition had an extensive list of moveable and immovable property designating the party to whom the property belonged. The judgment specifically states that the parties were entitled to approval of their Contract for Separation of Property Regime. This court finds the judgment approving the Separation of Property Contract (which included the Community Property Partition) is a consent judgment and became a final judgment. The court sustains the exception of res judicata.

> . . . .

> Ken and Kim filed a joint petition to be declared separate property. On that same date, and at that same time, they executed a community property partition agreement incorporated into the separation of property contract which was approved by judgment of the court. This partition agreement became a judicial partition as opposed to an extra-judicial partition. Accordingly, the petition of Ken Daigle fails to state a cause of action.

We agree. Despite Daigle's claims to the contrary, the Community Property Partition was part and parcel of the Contract for Separation of Property Regime. Daigle's request that the trial court partition the community property merely asks the trial court to do what was already done in 2002. The partition was not an extrajudicial partition, but one approved by the trial court in October 2002. Therefore, the consent judgment was final. *See Thibodeaux v. Thibodeaux,* 511 So.2d 102 (La.App. 3 Cir. 1987); *Allen v. Allen*, 01-0213 (La.App. 3 Cir. 6/6/01), 787 So.2d 1226. At that time, Daigle had options available to him to seek reversal of the judgment. Those options have prescribed and no longer exist.

However, we do note that Exhibit A-1 to the partition of community property agreement listing Daigle's liabilities states (emphasis added):

> (4) KENNETH PAUL DAIGLE agrees that as further consideration for KIMBERLY CRITTENDEN DAIGLE executing this Agreement, he does herewith agree to pay unto KIMBERLY CRITTENDEN DAIGLE

4

> *for the rest of her natural life* any and all expenses, costs and amounts whatsoever expended by KIMBERLY CRITTENDEN DAIGLE for and on her own behalf and/or pertaining to the child, ANNIE LAURIE DAIGLE, including, but not limited to, amounts sufficient to provide properly for the maintenance, support, comfort and welfare of the according to a living standard similar to that which KIMBERLY CRITTENDEN DAIGLE and/or ANNIE LAURIE DAIGLE are presently accustomed and/or for the education (at a private school) or maintenance, support, comfort, welfare and medical care of KIMBERLY CRITTENDEN DAIGLE and/or ANNIE LAURIE DAIGLE in the event of injury, illness, hospitalization or infirmity.

This provision of the agreement is in contravention of public policy as set forth in *Williams v. Williams,* 99-1101, pp. 9-10 (La.App. 3 Cir. 4/12/00), 760 So.2d 469, 474-75, *writ denied,* 00-1929 (La. 10/27/00), 772 So.2d 123, where we stated:

> Article 111 provides for an award of final periodic spousal support "to a party free from fault prior to the filing of a proceeding to terminate the marriage based on the needs of that party and the ability of the other party to pay, in accordance with the following Articles." La.Civ.Code art. 112 provides certain relevant factors the court must consider "in determining the entitlement, amount, and duration of final support." La.Civ.Code art. 114 provides that an "award of periodic support may be modified if the circumstances of either party change, and shall be terminated if it has becomes unnecessary." In La.Civ.Code art. 115, the obligation of spousal support is extinguished by, among other things, the remarriage of the obligee or a judicial determination that the obligee has cohabited with another person of either sex in the manner of married persons. Considering the intent of the legislature in the promulgation of the aforementioned, articles, one could easily conclude that it is against public policy to allow a spouse to obligate him/herself, by matrimonial agreement, to pay *permanent* periodic spousal support, regardless of a determination of fault, need, or ability to pay. We, therefore, find, as we did in *Boudreaux* [*v. Boudreaux,* 98-791 (La.App. 3 Cir. 6/2/99), 745 So.2d 61], that such an agreement is void as against public policy, and, accordingly, unenforceable.

Accordingly, we find this provision of the agreement to be an absolute nullity as it violates a rule of public order and it is, therefore, unenforceable. *See* La.Civ.Code art. 2030. An action for annulment of an absolutely null contract does not prescribe. La.Civ.Code art. 2032. Further, we find this provision is severable from the

remainder of the rest of the extensive agreement as provided for in the contract for separation of property regime:

> 5. If any of the provisions of this Contract for Separation of Property Regime should be held invalid, such invalidity shall not affect the other provisions hereof, which can be given effect without the invalid provisions, and to this end, the parties do hereby declare that the provisions of this Contract for Separation of Property Regime are severable.

Finally, we note that Crittendon is protected by state law relative to the excised provision of the agreement as she may pursue permanent support under La.Civ.Code arts. 111 et seq. and child support under the existing guidelines found in La.Civ.Code art. 141 and La.R.S. 9:315 et seq.

## CONCLUSION

The judgment of the trial court granting the defendant-appellee, Kimberly Crittenden Daigle's, exception of res judicata, no cause of action, and prescription are affirmed. That portion of the matrimonial agreement awarding permanent periodic support is null. All costs of this appeal are assessed against the plaintiff-appellant, Kenneth Paul Daigle.

**AFFIRMED IN PART AND RENDERED.**