# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 08-1165


**MARY ED MCDONALD**

**VERSUS**

**RONALD A. MCDONALD**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2007-1150-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**SHANNON J. GREMILLION**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


 **Kerry Lyndon Spruill**
**P.O. Box 105**
**Marksville, LA 71351**
**(318) 253-8376**
**Counsel for Plaintiff/Appellee:**
**Mary Ed McDonald**

**Keith Wayne Manuel**
**Attorney At Law**
**115 East Ogden Street**
**Marksville, LA 71351-0000**
**(318) 253-5126**
**Counsel for Defendant/Appellant:**
**Ronald A. McDonald**

**Derrick M. Whittington**
**Whittington Law Firm**
**P. O. Box 127**
**Marksville, LA 71351**
**(318) 253-5852**
**Counsel for Defendant/Appellant:**
**Ronald A. McDonald**

**GREMILLION, Judge**.

The defendant, Ronald McDonald, appeals the judgment of the trial court holding him in contempt and sentencing him to ninety days in jail. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Ronald McDonald and Mary McDonald, formerly residents of Pearl River, Mississippi, were divorced in February 2005 after eighteen years of marriage. Ronald thereafter moved to Plaucheville, Louisiana. In October 2007, Mary filed a Petition to Make Judgments Executory in Avoyelles Parish concerning judgments for alimony, past due support, and contempt that were rendered by the Chancery Court of Pearl River County, Mississippi. Following a hearing in November 2007, the trial court made executory (1) the Final Judgment of Divorce (which included a property settlement agreement), (2) An April 6, 2006 judgment (reiterating that Ronald pay Mary $475 per month from his retirement plan and that Mary relinquish rights to Ronald's Louisiana Sheriff's Pension Fund) and, (3) the Judgment of Contempt filed on October 18, 2006 (which found Ronald $4,228 in arrearages in alimony owed to Mary).

Mary then filed a Motion to Examine Judgment Debtor. Ronald filed a Rule for Contempt of Court or Rescind Property Settlement claiming that Mary had failed to execute certain documents which would relinquish her claim over his Louisiana Sherriff's Pension Fund. Mary then filed a Rule for Contempt of Court. Following a hearing in March 2008 on both Mary and Ronald's rules for contempt, the trial court found Ronald in contempt of court for non-payment of spousal support in the amount of $3,286.50. It further found with regard to Ronald's Louisiana

1

Sheriff's Pension Fund:

> Although the evidence presented at hearing failed to reveal to this Court any legal basis for this claim, the record was held open to allow Ronald McDonald the opportunity to submit further information to prove this claim to the Court. The information obtained by Ronald McDonald subsequent to the hearing actually proved that his Rule for Contempt of Court is totally and completely without merit. This Court received correspondence from Andrea Aymond, Attorney for Ronald McDonald, dated May 8, 2008 with attachments from the Louisiana Sheriff's Pension and Relief Fund which confirm that the failure of Ronald McDonald to receive maximum benefits was through no fault whatsoever of Mary McDonald. In fact, if there was any fault to be assessed, that fault would be upon Ronald McDonald.

The trial court further found that Ronald had been fully reimbursed from the Sheriff's pension fund and it further recalled his rule for contempt at his costs. The trial court noted that Ronald had "absolute contempt" for Mary and sentenced him to serve a period of ninety days in the Avoyelles Parish jail. The trial court held that Ronald could purge himself of the ninety day sentence by paying Mary $3,286.50 plus attorney's fees of $500 and all court costs associated with the rule for contempt. Ronald filed a Motion to Vacate Judgment, for New Trial and Alternatively for Exceptions of No Cause of and No Right of Action, which were denied, with prejudice, by the trial court. Ronald was ordered to begin his ninety day sentence. Ronald filed a supervisory writ to this court, which was denied because an adequate remedy was available through appeal. Ronald now appeals. Mary answered the appeal and seeks damages for frivolous appeal.

**ISSUES**

Ronald assigns as error:

1. The trial court abused its discretion when it held him in contempt of court.

2. The trial court abused its discretion when it sentenced him to the maximum sentence allowed pursuant to La.R.S.

13:4611.

## CONTEMPT OF COURT

Ronald claims that he should not have been held in contempt because the underlying judgments of divorce, including the property settlement, issued by the Chancery Court in Mississippi were unlawful under Louisiana law and, therefore, could not be made executory by a Louisiana court because they were against the public policy of this state. We disagree. Louisiana Code of Civil Procedure Article 2541 states:

> A. A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the Untied States or a territory thereof, or of any other state, or of any foreign country may either seek enforcement pursuant to R.S. 13:4241, et. seq., or bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.

> B. In the latter case, a duly authenticated copy of the judgment or decree must be annexed to the petition.

Mary complied with the statutory requirements and the Louisiana court ordered Ronald to pay her $475 per month less what she received from his military retirement. Ronald's claim that a Louisiana court must determine whether Mary is in need and free from fault pursuant to La.Civ.Code arts. 111 and 112 is without merit. The determination of whether Mary was entitled to the $475 per month award has already been decided by the Mississippi court. Mary now merely seeks to enforce the money judgment she has against Ronald. Any issues that Ronald has with the original Mississippi judgments should have been raised in the court that issued the judgment.

Ronald urges that *Daigle v. Daigle*, 06-346 (La.App. 3 Cir. 9/27/06), 94 So.2d 891, *writ denied*, 06-2914 (La. 2/16/07), 949 So.2d 418 supports his position.

3

We disagree. *Daigle* is totally inapplicable to the facts at hand. In *Daigle*, both parties were Louisiana residents and the property settlement agreement was in contravention of public policy.

"A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La.Code Civ.P. art. 221. Constructive contempt includes "[w]illful disobedience of any lawful judgment, order, mandate, writ, or process of the court[.]" La.Code Civ.P. art. 224. Louisiana Revised Statute 13:4611 addresses punishment for contempt of court and states that district courts may punish a person found in contempt:

> . . . .
>
> (d) For any other contempt of court, including disobeying an order for the payment of child support or spousal support . . . by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.

The trial court has vast discretion in determining whether a party is in contempt of court and its decision will not be reversed absent and abuse of discretion. *See Martin v. Martin*, 37, 958 (La. App. 2 Cir. 12/10/03), 862 So.2d 1081. Having reviewed the record, we find that the trial court did not abuse its discretion in finding Ronald in contempt of court for failure to pay Mary $475 per month. It is clear that Ronald is intent on refusing to pay or delaying the payment rightfully owed Mary pursuant to the valid Mississippi judgment. It was Ronald's testimony that he feels he owes his former wife nothing and that she does not deserve a cent. Consider this excerpt from the trial transcript:

> TRIAL COURT: There are two Judgments in Mississippi that say you owe her $475.00 out of the military retirement. Whether she gets it all from you, you know, or gets part from the military retirement and part

4

from you $475.00 has to go to her. Do you understand that?

RONALD: I understand what you are saying yes, sir.

TRIAL COURT: And that is the Judgment of the court that says that. Two Judgments of the court that say that and you understand that but you still don't intend on paying her.

RONALD: No, sir.

Furthermore, it is clear from reading the letter sent by Ronald's own attorney to the trial court dated May 8, 2008, that Mary is not wrongfully receiving monies from his Louisiana Sheriff's Pension Fund nor did she fail to take any required action. Ronald's actions indicate the willful contempt he has for the court's orders. Accordingly, we find that the ninety day jail sentence was not excessive. These assignments of error are without merit.

## FRIVOLOUS APPEAL

Mary urges that we award her damages for frivolous appeal.

La.Code Civ.P. art. 2164 provides that an appellate court may award damages for frivolous appeal. However, damages for frivolous appeal will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, that serious legal questions are not raised, or that the attorney does not seriously believe in the position he advocates. *Robinson v. Thornton,* 96-1329 (La.App. 3 Cir. 10/29/97); 705 So.2d 745, *writ denied,* 97-2963 (La.2/6/98); 709 So.2d 739.

*Cooks v. Rodenback,* 97-1389, p. 9 (La.App. 3 Cir. 4/29/98), 711 So.2d 444, 449. Considering the facts before us, we find that Ronald has pursued this appeal merely for the purposes of delaying payment to Mary. Accordingly, we award her $1425 in attorney's fees for work performed on appeal, an amount equal to three months of the support Ronald has contemporaneously refused to pay her.

## CONCLUSION

The judgment of the trial court finding the defendant-appellant, Ronald

5

McDonald in contempt of court and sentencing him to ninety days in jail is affirmed. Ronald is hereby ordered to pay Mary $1000 in attorney's fees for work performed on appeal and $1425 in damages.

**AFFIRMED**.