# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 11-965


**KIMBERLY CRITTENDEN DAIGLE**

**VERSUS**

**MERRILL LYNCH, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2005-2784
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


Peters, J., concurred in part and dissented in part, and assigned reasons.

**Gerald H. Schiff**
**Ashley S. Green**
**Daniel J. Finch**
**Gordon, Arata, McCollam, Duplantis & Eagan, LLC**
**P. O. Box 81829**
**Lafayette, LA 70598-1829**
**(337) 237-0132**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **Kimberly Crittenden Daigle**

**Charles G. Fitzgerald**
**Cox Fitzgerald, L.L.C.**
**113 West Convent Street**
**Lafayette, LA 70501**
**(337) 233-9743**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kenneth Paul Daigle**

**GREMILLION, Judge.**

The defendant-appellant, Kenneth Paul Daigle (Daigle), appeals the judgment in favor of the plaintiff-appellee, Kimberly Crittenden Daigle (Crittenden), sustaining her exception of res judicata. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Daigle and Crittenden were married in April 1994. In October 2002, they jointly filed a Petition for Approval of Matrimonial Regime of Separation of Property and entered into a Partition of Community Property Agreement. In March 2005, Crittenden filed a petition for divorce from Daigle. On April 15, 2005, Daigle filed a Petition to Annul Partition of Community Property agreement on account of lesion. Crittenden responded by filing peremptory exceptions of res judicata, no cause of action, no right of action, and prescription. Following a June 17, 2005 hearing, the trial court sustained the peremptory exception of res judicata and dismissed Daigle's petition to annul the partition agreement. Daigle appealed, and on appeal, in *Daigle v. Daigle*, 06-346, (La.App. 3 Cir. 9/27/06), 940 So.2d 891, *writ denied*, 06-2914 (La. 2/16/07), 949 So.2d 418, we declined to partition the community property as being barred by res judicata. However, we excised a portion of the community property agreement that obligated Daigle to pay Crittenden for the *rest of her natural life* as being against public policy.

The litigation between the former spouses continued when, on June 1, 2005, Crittenden filed a "Petition for Monies Due, Damages, and for Physical Possession of Property" against Daigle, and his employer, Merrill Lynch, urging that Daigle had failed to pay her the $150,000 yearly sum he agreed to in the community property partition. Crittenden further argued that Merrill Lynch was cooperating

with Daigle in failing to turn over certain items that belonged to her pursuant to the community property partition agreement.

Daigle filed a "Declinatory Exception Pleading Lis Pendens" arguing that Crittenden's June 2005 petition arose out of the same transaction or occurrence that is the subject matter of his April 15, 2005 petition to annul community property. Merrill Lunch filed a "Motion to Stay and Exception of Vagueness." The trial court overruled Daigle's Exception pleading Lis Pendens. Daigle filed supervisory writs with this court regarding the trial court's overruling of his exception pleading lis pendens, which were denied.

In November 2005, Daigle filed an "Answer, Affirmative Defenses and Reconventional Demand." Crittenden filed exceptions of lis pendens and vagueness in response to Daigle's reconventional demand.

On December 22, 2005, Daigle filed a Motion for Summary Judgment arguing that the matrimonial agreement was absolutely null requiring the dismissal of all causes of action asserted by Crittenden in her "Petition for Monies Due, Damages and for physical Possession of Property." Crittenden filed a cross-motion for summary judgment in February 2006. In March 2006, the trial court granted Merrill Lynch's motion for stay pending the outcome of mandatory arbitration between Crittenden and Merrill Lynch.

In February 2008, Daigle filed a "Motion for Leave of Court to File First Amending and Supplemental Answer, Affirmative Defenses and Reconventional Demand." Crittenden opposed Daigle's Motion urging that Daigle was trying to litigate issues that we had disposed of pursuant to the 2006 opinion. Crittenden requested sanctions. Various memoranda were filed back and forth pursuant to these motions.

In July 2008, Crittenden filed a "Motion and Order Directing Merrill Lynch, Pierce, Fenner, & Smith, Incorporated to Transfer Funds Pursuant to Partition Agreement."

Daigle filed "Combined Motion for Continuance and Dilatory Exceptions" in July 2008. Crittenden filed an opposition. In September 2008, Crittenden filed a "First Supplemental and Amended Petition for Relief, Damages and Attorneys fees and Return of Funds Held by Defendants illegally and in Violation of Partition Agreement." Daigle filed a rule to show cause in October 2008. In November 2008, Crittenden filed a motion to produce. In December 2008, Crittenden filed a "Petition for Sanctions as against Kenneth Paul Daigle and for Injunctive Relief Including a Mandatory Injunction."

In December 2008, Crittenden filed a "Petition to make Judgment Executory and for Garnishment." In January 2009, Daigle filed dilatory and peremptory exceptions arguing that Crittenden's Petition to make Judgment Executory represented the unauthorized use of executory proceedings, was premature, and was, otherwise, barred by res judicata and failed to sufficiently plead a cause of action. Shortly thereafter, Crittenden filed a "Motion for Appropriate Hearing."

A January 2009 judgment next appears in the record making executory the Partition of Community Property Agreement executed in October 2002, including a $300,000 payment to Crittenden and $150,000 per year in accordance with the Partition of Community Property Agreement. Crittenden filed a motion to examine judgment debtor, motion for garnishment, and request for writ of fieri facias in February 2009.

In the meantime, Daigle filed for Chapter 13 Bankruptcy Protection. Crittenden thereafter withdrew the garnishment proceedings in accordance with bankruptcy law. In September 2010, Crittenden filed a petition for garnishment of

wages against LPL Financial Corporation. In October 2008, she filed a petition for garnishment of wages against Ahrens Investment Partners, LLC.

In November 2010, Daigle filed a "Petition for Declaratory Judgment, Combined with Ex Parte Nullity Actions, Motion for Entry Upon Land to Appraise Movables, and Request for Status Conference." In December 2010, Crittenden filed "Peremptory Exceptions of No Cause of Actions and Res Judicata and Declinatory Exception of Improper Venue.

Following a December 13, 2010, hearing on Daigle's November 2010 motion and Crittenden's December 2010 motions, the trial court rendered judgment:

> [T]he *Judgment* rendered and signed in the above-entitled and numbered proceeding on January 12, 2009, be and is hereby annulled for want of jurisdiction and improper substantive amendments. Accordingly, Kenneth Paul Daigle's motion for said relief is hereby granted, and the exception of no cause of action filed by Kimberly Crittenden Daigle in opposition thereof is denied.
>
> [A]ny and all garnishment order and/or writs of *fieri facias* relating to and originating from the *Judgment* dated January 12, 2009, be and are hereby revoked, recalled, and otherwise rendered without legal effect. Kenneth Paul Daigle's motion for said relief is hereby granted, and the exception of no cause of action filed by Kimberly Crittenden Daigle in opposition thereof is denied.
>
> Kimberly Crittenden Daigle's exception of res judicata is hereby sustained, and the Declaratory Action Concerning the Nature of the Installment Payments filed by Kenneth Paul Daigle is dismissed as a consequence thereof.
>
> [T]he exception of res judicata is also sustained as it relates to any and all actions and/or defenses concerning the nature of the installment payments as either spousal support (*La. Civ. Code arts. 111, 112*) or an equalization payment (*La.R.S. 9:2801(A)(4)(d)*) are hereby dismissed, including, without limitation, the causes of action and/or defenses asserted by Kenneth Paul Daigle pursuant to Articles 112, 1759, and 2003 of the Louisiana Civil Code.

4

Daigle appeals and assigns as error:

1. The Trial Court erred in sustaining Kimberley Crittenden Daigle's Exception of Res Judicata as it relates to Kenneth Paul Daigle's Declaratory Action Concerning the Nature of Installment Payments as either spousal support or an equalization payment.

2. The trial court erred in sustaining Kimberley Crittenden Daigle's Exception of Res Judicata as it relates to the cause of action asserted by Kenneth Paul Daigle pursuant to La.Civ.Code art. 112(C).

3. The trial court erred in sustaining Kimberley Crittenden Daigle's Exception of Res Judicata as it relates to the defense asserted by Daigle pursuant to La.Civ.Code arts. 1759 and 2003.

Subsequent to the motion for appeal, Crittenden filed a motion for leave to amend her petition. Her supplemental and amending petition sought enforcement of the contract for separation of property and partition agreement, qualified domestic relations order, legal interest, and attorney's fees. Daigle filed an opposition to that motion and, alternatively, he filed a "Motion to Quash Absolutely Null Order and Declinatory Exception Pleading Lack of Subject Matter Jurisdiction." Crittenden filed a reply. In February 2011, she filed a motion for entry of order, and in March 2011, she filed a motion for transfer of funds.

Although a Notice of Signing of Judgment appears in the record indicating that judgment was rendered and signed on May 2, 2011, there is no copy of this judgment in the record.

## DISCUSSION

### *Res Judicata*

Louisiana Revised Statute 13:4231 states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> > (1)  If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the

5

subject matter of the litigation are extinguished and merged in the judgment.

(2)     If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3)     A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

We review the trial court's grant of res judicata under the manifest error standard if raised prior to the case being submitted and evidence is submitted by both parties. *Steckler v. Lafayette Consol. Gov't*, 11-427 (La.App. 3 Cir. 11/2/11), __ So.3d. __.    Res judicata bars the relitigation of issues when there is a valid and final judgment and certain factors exist:  (1) the parties are the same as in the original suit, (2) the cause(s) of action in the second suit existed at the time the judgment in the first suit was rendered, and (3) the same relief is demanded in the second suit as was in the first suit. *Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So.2d 1049;  *In re Succession of Carlton*, 11-288 (La.App. 3 Cir. 10/5/11), __ So.3d __. The burden rests with the mover. *Steckler*, __ So.3d __.

Daigle's argument is that the issues presented in his November 2010 declaratory judgment action were not in existence at the time of the October 22, 2002 or August 24, 2005 judgments.  We disagree and find no manifest error in the trial court's ruling granting Crittenden's exceptions of res judicata.

Daigle argues that the declaratory judgment sought to clarify whether certain provisions were spousal support or an equalizing sum, whereas in the original action he sought recision of the entire partition agreement because of lesion.   He claims that his declaratory judgment arose out of our ruling in *Daigle v. Daigle*,

6

06-346, (La.App. 3 Cir. 9/27/06), 940 So.2d 891, *writ denied*, 06-2914 (La. 2/16/07), 949 So.2d 418, and not out of the 2005 nullity action.

Daigle's second assignment of error is essentially an extension of the first in that it requires that his declaratory judgment be litigated in order to determine that the installment provisions are null and void under the plain language of La.Civ. Code art. 112(c). He again argues that the cause of action was not in existence because at the time of hearing on the original exception, he was employed earning far more than he now does.

Finally, Daigle argues that he has various defenses to assert, i.e., Crittenden's own bad faith, that would preclude him from performing. He urges that the defense did not exist in June 2005, at the hearing because it arose after his involuntary termination from Merrill Lynch when his income drastically plummeted, which he alleges was a direct result of Crittenden's actions.

Our 2006 judgment specifically affirmed the trial court's grant of res judicata in favor of Crittenden regarding the separation of property agreement and the partition of community property agreement, save for an excised provision in contravention of public policy that obligated Daigle to pay Crittenden for the rest of her life. Daigle's assignments of error one and two are merely reiterations of his former argument, all of which arise out his desire to avoid, or at the very least, delay payment to Crittenden. As we said before (emphasis added):

> The partition was not an extrajudicial partition, but one approved by the trial court in October 2002. Therefore, the consent judgment was final. *See Thibodeaux v. Thibodeaux,* 511 So.2d 102 (La.App. 3 Cir. 1987); *Allen v. Allen,* 01-0213 (La.App. 3 Cir. 6/6/01), 787 So.2d 1226. *At that time, Daigle had option available to him to seek reversal of the judgment. Those options have prescribed and no longer exist.*

*Daigle,* 940 So.2d at 894.

7

If Daigle wanted the nature of his payments clarified, he should have done so long ago. Our 2006 judgment had no bearing whatsoever on the provisions that Daigle now requests be clarified. Similarly, Daigle's claim that a reduction of his income warrants a modification of the $150,000 installment payments under the partition agreement is without merit. The consent judgment was final. Daigle cannot now claim that the payments are actually spousal support—rather than an equalizing sum—in order to avoid paying the contractual amount. Moreover, he cannot assert defenses to the partition agreement. However Daigle phrases the issue, his various arguments are merely attempts to annul the original agreement—an attempt that has been made before and failed. These claims are all subject to res judicata and are without merit.

Additionally, Daigle's claim in his reconventional demand that he should not have to perform under the partition contract because of Crittenden's bad faith pursuant to La.Civ. Code arts. 1759 and 2003 also fails. Daigle cites no authority for applying these principles to a 2002 partition agreement, and we find no validity to this argument. Moreover, La.Civ.Code art. 2003 provides in part that "[a]n obligee may not recover *damages* when his own bad faith has caused the obligor's failure to perform." (Emphasis added.) Crittenden is not trying to recover damages, but payment from the original 2002 judgment. Daigle ignores the fact that he failed to perform his obligations under the partition agreement well before his discharge from Merrill Lynch on August 28, 2005. Accordingly, we find no manifest error in the trial court's ruling granting Crittenden's exceptions of res judicata.

8

## CONCLUSION

The judgment of the trial court in favor of the plaintiff-appellee, Kimberly Crittenden Daigle, is affirmed. All costs of this appeal are assessed against the defendant-appellant, Kenneth Paul Daigle.

**AFFIRMED**.

**KIMBERLY CRITTENDEN DAIGLE**

**VERSUS**

**MERRILL LYNCH, ET AL.**

PETERS, J., concurring in part and dissenting in part.

I agree with the majority's disposition of the first two assignments of error. However, I dissent from the majority's finding that Mr. Daigle's complaints regarding Mrs. Daigle's bad faith actions in suing his employers and preventing his compliance with the terms of the partition of community property agreement are res judicata. Mr. Daigle's claims concerning Mrs. Daigle's interfering with his employment did not arise until after the initial judgment between the parties became final. Thus, those claims did not arise out of transaction and occurrence that was the subject matter of the first litigation. Accordingly, res judicata was inappropriate in that regard, and I would reverse that portion of the judgment.