1, MARVIN, Chief Judge.
In this acrimonious dispute over the custody of the four-year-old child of divorced parents who informally shared his custody almost equally for about two years after the parties separated, the trial court awarded joint rather than sole custody, notwithstanding that the animosity of each parent toward the other rendered them unable to amicably communicate with each other about matters affecting the child.
The trial court’s judgment is carefully tailored to diffuse, as much as possible, the volatile relationship between the parents, each of whom was explicitly informed at the close of trial that any deviation from the court’s detailed procedures implementing the joint custody decree will be punishable as contempt of court.
The father appeals, contending he, rather than the mother, should have been named as the domiciliary parent. The mother, who unsuccessfully sought sole custody, has not appealed.
Finding no abuse of discretion in the trial court’s ruling, we affirm.
DISCUSSION
In lengthy reasons for judgment, and after summarizing the details of the many arguments and confrontations, both verbal and physical, that have occurred between the parents in the child’s presence, the trial court essentially found the scales fairly evenly balanced with respect to most of the CC Art. 134 factors by which a child’s best interest is to be assessed in custody matters. The court found the evidence as to the fitness of each parent, pro and con, largely comparable, except for “[t]he willingness and ability of each 12party to facilitate and encourage a close and continuing relationship between the child and the other party.” Art. 134(10).
While noting that the mother was not without fault for some of the past custody-related problems, the court essentially found that she will be more likely to foster a good relationship between the child and his father than the father would be if he were made the domiciliary parent. The record amply supports this finding.
Custody cases are often emotionally charged and are always fact-specific. The trial court here noted the blatant bitterness and animosity of the respective parties and *100 their witnesses toward each other during the trial. The court repeatedly and emphatically urged both parents to improve their behavior toward, and their communication with, each other, for the child’s benefit, saying, “Y’all are playing [the child] like a pawn in a chess game back and forth.” Addressing the respective causes that provoked confrontations in the past, the court set out lengthy and detailed guidelines for the parents to follow to minimize the detrimental effect of their “feisty” interactions on the child, telling them, “I think y’all could both be great parents if you’ll ever get over the fence between the two of you.”
While being critical of the respective conduct of both parents, the trial court found that the father had initiated or exacerbated many, but not all, of the unpleasant situations involving the child.
On the facts of this record, we find no clear error or abuse of discretion in the trial court’s conclusion that the child’s best interest will be served by naming the mother as the domiciliary parent. See and compare McKinley v. 3McKinley, 25,365 (La.App.2d Cir. 1/19/94), 631 So.2d 45; Yelverton v. Yelverton, 621 So.2d 36 (La.App.2d Cir.1993); and Pulley v. Pulley, 587 So.2d 116 (La.App.2d Cir.1991).
DECREE
At the father’s cost, the judgment is AFFIRMED.