986 So.2d 188 (2008)
Curtis Daniel BRANTLEY, Sr., Plaintiff-Appellee,
v.
Brittany Michelle KALER, Defendant-Appellant.
No. 43,418-CA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*189 Klotz, Simmons & Brainard, by Cynthia L. Carroll, B. Trey Morris, Shreveport, for Appellant.
Katherine Clark Dorroh, for Appellee.
Before BROWN, DREW and MOORE, JJ.
MOORE, J.
The mother, Brittany Kaler Leckelt, appeals a judgment dismissing her petition to modify custody and, instead, increasing the visitation of the father, Daniel ("Danny") Brantley. Finding no abuse of the trial court's discretion, we affirm.

Factual and Procedural History
Brittany and Danny were never married but had an "exclusive relationship" when the child, Daniel Brantley, was born in June 2003. At some point Brittany left Danny's home in northern DeSoto Parish and moved to Iota, in Acadia Parish, about a three hours' drive.
Alleging that Brittany had left with the child, Danny filed suit in February 2006 to establish filiation and fix child support and custody. After a hearing in October 2006, the court rendered a judgment of joint custody, naming Danny the domiciliary parent and granting Brittany physical custody every other week, from Saturday to Saturday. The child was to be exchanged at a named restaurant in Alexandria, about halfway between the parties' homes. The parties concede that this was a considered decree.
In June 2007, Brittany filed the instant petition to modify custody. Her chief allegation was that Daniel needed to begin Pre-K, and this would be impossible on week-on, week-off visitation. She also alleged that she had provided most of the parenting over the years, that Daniel often came back sick from visitation with Danny, and that Danny's pit bull once bit Daniel on the leg.
Danny filed an answer denying all allegations and an exception of no cause of action, urging that the petition did not meet the requirements to modify a considered decree under Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). The record does not show that Danny filed any pleading or memorandum requesting any additional relief.
The trial was held in August 2007, right after the start of school. Danny had enrolled and started Daniel at North DeSoto Elementary while Brittany had enrolled him at Iota Elementary, and both parties agreed that he could not attend two schools on alternating weeks. Danny extolled the amenities and stability of his parents' four-bedroom home, insisted that he was no longer working 60-hour weeks at Service Tire in Shreveport, and denied Brittany's allegations about the dog bite and general lack of medical attention. Brittany's mother-in-law testified that Danny told her he could no longer afford child support and day care, and that at the last custody exchange, he threatened not to return Daniel to Brittany.
During trial, the district judge agreed that the current 50/50 sharing would not work when the parents live so far apart, but that on the evidence presented he could not modify the existing considered decree. Brittany then testified about all the medical attention she has provided for Daniel, related some of their activities together, and introduced a photo of the dog bite. The wound appears to be minor.
At the close of evidence, the court granted Danny's exception of no cause of action *190 and stated, "This case is now focusing solely on visitation." Counsel for Brittany objected that Danny had "not pled any kind of pleading asking for a change in visitation" and Brittany was not willing to expand her pleadings to do so. The court replied that it would not change the considered decree  joint custody with Danny as domiciliary parent  but that 50/50 custody was no longer workable, so the court was prepared to order the "standard visitation." Counsel stated he understood this to mean that Brittany would get "every other weekend" and liberal visitation during the summer; the court confirmed this. Counsel said the parties would consider some other agreement on an interim basis, and the court did not rule from the bench.
By judgment rendered in December 2007, the court sustained Danny's exception of no cause of action and declined to modify the prior custody decree, but modified visitation by reducing Brittany's time to every other weekend from 8 pm Friday to 8 pm Sunday, with the exchange to occur at the restaurant in Alexandria. Brittany has appealed.

Discussion
By her first assignment of error, Brittany urges the district court erred in sustaining the exception of no cause of action, thus declining to modify the prior order. A substantial change of circumstances satisfying Bergeron was shown "due to the mere fact that the minor child is now of school age and the parties live some three (3) hours apart, in different parishes." In support, she cites Waits v. Waits, 556 So.2d 215 (La.App. 2 Cir.1990), and Eiswirth v. Eiswirth, 500 So.2d 817 (La.App. 1 Cir.1986), writ denied, 502 So.2d 111 (1987), for the rule that splitting the school year is almost always against the child's best interest.
By her second assignment, Brittany urges that once the court found no cause of action, it had no authority to modify the visitation schedule. Her own petition was dismissed, and "there were no other motions before the court." She suggests that the court's action was arbitrary and deleterious to the child, and concludes that the ruling on the exception should be reversed.
Danny responds that Brittany made no allegation that would rise to the level required by Bergeron: she contended only that continuing the current custody would be deleterious to the child, not that any change occurred. He submits that Waits and Eiswirth are factually inapposite, and that in the more recent case of Ketchum v. Ketchum, 39,082 (La.App. 2 Cir. 9/1/04), 882 So.2d 631, this court reversed a modified award that granted alternating-week custody. He concludes there was no error in sustaining his exception. Further, once it became apparent that because of school the existing visitation schedule was unworkable, the burden shifted to Brittany to amend her petition to make the proper allegations, which she failed to do. He prays for affirmance.
In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child. La. C.C. art. 131. This article applies to any action to modify a custody award; moreover, when the prior award is a considered decree, the proponent of change
bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
*191 Bergeron v. Bergeron, 492 So.2d at 1200; AEB v. JBE, 99-2668, p. 7 (La.11/30/99), 752 So.2d 756 at 761.
The court shall consider all relevant factors in determining the best interest of the child. La. C.C. art. 134; Derbigny v. Derbigny, 34,672 (La.App. 2 Cir. 4/6/01), 785 So.2d 989. Moreover, the determination of the trial judge in child custody matters is entitled to great weight, and this discretion will not be disturbed on review in the absence of a clear showing of abuse. Bergeron v. Bergeron, supra; AEB v. JBE, supra. Appeal is taken from the judgment, and not from the findings on various issues in the course of the trial court's determination of the judgment. Davis v. Borskey, 94-2399 (La.9/5/95), 660 So.2d 17; Wilson v. Wilson, 30,445 (La. App. 2 Cir. 4/9/98), 714 So.2d 35; Welborne v. Welborne, 29,479 (La.App. 2 Cir. 5/7/97), 694 So.2d 578, writs denied, 97-1800, 1850 (La.10/13/97), 703 So.2d 621, 623.
The major findings of this brief trial were that the child has turned school age and that the parents now live three hours apart. Both parties conceded in testimony, and the court stated without objection, that these facts created a significant change of circumstances and that continuing the prior 50/50 plan of sharing was unfeasible. This echoes the concerns voiced in Waits and Eiswirth, supra, and supports the conclusion that modifying the plan was warranted under the heightened standard of Bergeron, supra.
With this conclusion, we are constrained to find that the district court committed legal error in granting Danny's exception of no cause of action. Plainly, if the petition alleged and the evidence showed the requisites for modification under Bergeron, then the instant petition stated a cause of action.
Perhaps because of the informality of the proceedings, the district court took two other actions which, if not legally erroneous, are problematic. First, the court awarded greatly increased visitation in favor of Danny, who had filed no pleading or formal demand for this relief. A judgment rendered beyond the pleadings is a nullity. Verret v. Verret, 34,982 (La. App. 2 Cir. 5/9/01), 786 So.2d 944; Havener v. Havener, 29,785 (La.App. 2 Cir. 8/20/97), 700 So.2d 533. Although Brittany objected to this action, the district court has the discretion to allow enlargement of the pleadings to conform to the evidence. La. C.C.P. art. 1154; Havener v. Havener, supra. The better practice would have been for the court to state explicitly that the pleadings had been enlarged to conform to the evidence and then to rule explicitly on Brittany's objection. Nevertheless, in light of the uniform evidence that a modification was needed, we cannot say that the court exceeded its broad discretion in enlarging the pleadings.
Second, under the guise of merely adjusting visitation, the court imposed a new plan of implementation  alternating weekends and "liberal" summer visits  reminiscent of sole custody awards that prevailed before the advent of joint custody as a legal presumption. See, generally, Richard C. Guerriero, Louisiana's New Joint Custody Law, 43 La. L. Rev. 759 (January 1983), and citations therein. We recognize that as a practical matter, courts may "tweak" visitation schedules even when the evidence will not support modifying a prior considered decree under Bergeron. See, e.g., Silbernagel v. Silbernagel, 06-879 (La.App. 5 Cir. 4/11/07), 958 So.2d 13. Visitation is always open to change when the conditions warrant it. Gaskin v. Henry, 36,714 (La.App. 2 Cir. 10/23/02), 830 So.2d 471. We are apprehensive of what happened here: applying *192 the more flexible standard of visitation to circumvent the principles and protections announced in Bergeron, supra. Here, however, the parties conceded, and the evidence showed, a material change of circumstances warranting a modification of custody under Bergeron, so it was ultimately unnecessary for the court to frame its remedy as an adjustment of visitation.
For these reasons we have considered the fundamental issue of whether the district court abused its discretion in awarding the vast majority of custodial time to Danny instead of to Brittany. From the cold record, the parties' respective abilities under Art. 134 appear in equipoise. Both show love, affection and emotional ties with the child, and a disposition to promote these qualities in him; both are able to provide his material needs; because of the 50/50 sharing, Daniel's time with both parents is virtually equal. Brittany felt that she had exercised more responsibility for the child's health care and rearing, but her testimony about the small dog bite and Danny's apathy toward medical care seem relatively trivial. Her relocation to Acadia Parish may have disrupted the stability of the home life she provided, but Daniel was apparently less than three years old when this occurred.
In short, there is no strong evidence favoring or disfavoring one party over the other. We are therefore obligated to respect the discretion of the district court. Bergeron v. Bergeron, supra; AEB v. JBE, supra. With the evidence evenly balanced, there is simply no basis to disturb the award. Bergeron v. Bergeron, supra; Hendrick v. Hendrick, 27,302 (La. App. 2 Cir. 8/23/95), 660 So.2d 99. We cannot say that this judgment undermines the child's best interest, and we perceive no abuse of the district court's great discretion.

Conclusion
For the reasons expressed, the judgment is affirmed. Appellate costs are to be equally divided between the parties.
AFFIRMED.