PICKETT, J.,
concurring in part and dissenting in part.
U agree with the majority on all but one issue in this matter. I disagree with the majority’s conclusion that because Deanna filed a summary proceeding seeking a change of custody, the trial court’s modification of her visitation schedule, without that issue being raised by the father in pleadings or orally at trial, does not constitute error. An answer need not be filed in a summary, proceeding.. La.Code Civ,P. 2592. An answer need only admit or deny allegations stated in the petition and assert any affirmative defenses to the petitioner’s claim. La.Code Civ.P. arts. 1001-1005, Deanna did not raise the issue of modifying her visitation schedule in her pleadings. Therefore, the fact that George did not file an answer has no bearing on whether the *531 trial court had the authority to modify Deanna’s visitation,
There are summary proceeding cases that hold the trial court did not err in granting relief not specifically sought in the moving party’s rule or motion. See Brooks v. Brooks, 469 So.2d 378 (La.App. 2 Cir. 1985) (mother filed a rule for sole custody; husband urged at trial that joint custody was in the best interest of the child), and Perkins v. Perkins, 388 So,2d 475 (La.App. 2 Cir. 1980) (mother sought increase in child support; husband argued at trial that any increase in child support should be reduced upon oldest child turning eighteen, which was twenty-four days following the trial). Although the relief granted in those cases varied , |2from the relief sought in the mover’s pleadings, the complained of relief arose directly from an issue asserted by the mover at trial. The relief requested and awarded in each case was in response to an affirmative defense to the relief sought.
The majority cites Brantley v. Kaler, 43,418 (La.App. 2 Cir. 6/4/08), 986 So.2d 188, to support its position. Brantley is not on all fours with this case. In Brantley, the second circuit court of appeal affirmed the trial court’s modification of a parent’s visitation schedule when the issue was not before the court. The second circuit initially noted its concern that the trial court’s action was “problematic” and possibly “legally erroneous” but affirmed the modification. Id. at 191. In affirming the trial court’s action, the court specifically noted, “the parties conceded, and the evidence showed a material change of circumstances warranting a modification of custody under Bergeron, so it was ultimately unnecessary for the court to frame its remedy as an adjustment of visitation.” Id. at 192.
That is not the case here. The facts of Stephens v. Stephens, 30,498 (La.App, 2 Cir. 5/13/98), 714 So.2d 115, are similar to the facts here, In Stephens, the trial court’s award of sole custody of the children to the father when the mother sought designation as domiciliary parent was held to exceed the court’s authority because the father did not request sole custody in a pleading or verbally in open court.
Deanna did not raise the issue of visitation in her pleadings, and George did not raise the issue at trial. Deanna had no notice that her visitation was subject to modification, and she objected to the trial court’s modification of her visitation at trial, arguing the issue was not before the court, Therefore, she had no opportunity to present evidence on this issue. I respectfully dissent.